UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO RIVERA BEY, | |
| Plaintiff, | REPORT AND RECOMMENDATION |
| - against - | |
| | 01 Civ. 9406 (LMM) (RLE) |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

To the HONORABLE LAWRENCE M. MCKENNA, U.S.D.J.:

## I.  INTRODUCTION

Plaintiff, Alberto Rivera Bey ("Bey"), filed this action against defendants the City of New York, Rudolph Giuliani, William J. Fraser, and Edward Kurinsky (collectively, "defendants"). Bey alleges violations of his First and Fourteenth Amendment rights, as well as violations of New York State and City human rights laws. On February 23, 2007, United States District Judge Lawrence M. McKenna referred this case to the undersigned for purposes of general pretrial. On March 14, Bey moved to amend the complaint and substitute Michael Caruso as defendant in place of Rudolph Giuliani pursuant to Federal Rule of Civil Procedure 15. Defendants oppose the motion to amend in its entirety. For the following reasons, I recommend that Bey's motion be **DENIED, in part, and GRANTED, in part**.

## II.  BACKGROUND

On October 25, 2001, Bey filed suit against defendants, alleging that they violated his First and Fourteenth Amendment rights of free speech, association, and religion; his Fourteenth Amendment rights of due process and equal protection; and his rights under New York State and City human rights law. Plaintiff's Memorandum in Support of Motion to Amend Complaint and

Motion to Substitute Party ("Pl. Mem."), at 1-2.  Bey claims that it was not until February 2004[1] that he learned that Michael Caruso, former Inspector General for the New York City Department of Corrections, "targeted him for summary suspension and discharge" based on his affiliation with the Moorish National group.  **Id**. at 2.  He asserts that he learned this information through documents produced pursuant to defendants' motion for summary judgment.  He asserts that this information had been concealed from him prior to this time.  **Id**. at 2.  He did not move to amend the complaint earlier because all matters in the instant case were held in abeyance pending the resolution of a related case.  **Id**.  In his motion, Bey moves to amend his complaint to include facts and causes of action based upon the information he learned about Caruso, and to substitute Caruso for Giuliani as a defendant.  **Id**.  Defendants object on the grounds that 1) there has been undue delay, causing the amendments to be futile and prejudicial; and 2) Bey's attempt to plead new facts violates the Federal Rules of Civil Procedure.  Defendants' Memorandum of Law Opposing Plaintiff's Motions for Leave to File Amended Complaints ("Def. Mem."), at viii.

### III.  DISCUSSION

**A.  Standard of Review**

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served.  FED. R. CIV. P. 15(a).  A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court.  **Id**.  Leave to amend

---

[1] The Court is unclear about when Bey is asserting he learned the information.  In his memorandum of law in support of his motion, he states that he "officially learned for the first time" of the information in mid-February 2004. Pl. Mem. at 2.  However, in the declaration of Irene Thomas submitted in support of this motion, a different chronology of events is recounted, and the assertion made that Bey did not learn of the information until late April 2004.  The Court does not find this difference of two months determinative, and, therefore, will rely on the mid-February date.

shall be freely given when justice so requires.  **Id**.  Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules."  **Foman v. Davis**, 371 U.S. 178, 182 (1962).  It remains, however, within the discretion of the Court whether to allow amendment.  **Id**.; **John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994).  An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to the defendant.  **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

**B.  Statute of Limitations**

When the statute of limitations would otherwise bar an amendment, Rule 15(c) allows the claim if it "relates back" to the original complaint.  *See* FED. R. CIV. P. 15(c)(3); **Soto v. Brooklyn Corr. Facility**, 80 F.3d 34, 35 (2d Cir. 1996).  Under Rule 15(c), a claim against a new defendant relates back to the original claim if: (1) the new claim arises out of the same conduct, transaction or occurrence set forth in the original pleading; (2) the new party has received notice of the action such that it will not be prejudiced in its defense; (3) the new party knows or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party; and (4) the second and the third criteria must have been fulfilled within 120 days of the filing of the original complaint.  FED. R. CIV. P. 15(c); **Soto**, 80 F.3d at 35-36; **Barrow v. Wethersfield Police Dep't**, 66 F.3d 466, 468-69 (2d Cir. 1995).  A mistake in identifying a defendant occurs for purposes of Rule 15(c) when it is the result of "misnomer or misidentification," or when a plaintiff omits the individual defendant

3

thinking that suing a department will suffice.  **Barrow**, 66 F.3d at 469.  Rule 15(c) does not allow an amended complaint adding defendants to relate back if "the newly-added defendants were not named originally because the plaintiff did not know their identities."  **Id**. at 470.

## C. Motion to Amend to Add Caruso as Defendant in Place of Giuliani

In support of his motion to amend the complaint to substitute Caruso for Giuliani, Bey argues that the requirements of Rule 15(c) are met.  Pl. Mem. at 3.  He claims that the proposed amendment arises from the same conduct, transaction or occurrence as set forth in the original pleading.  **Id**.  He also asserts that Caruso has received notice of the action and knew or should have known that, but for a mistake concerning the identity of the proper party, this action would have been brought against him.  **Id**. at 3-4.  Bey bases this assertion on Caruso's alleged role as the person initiating the investigation, the disciplinary charges, and the designation of Bey as a security risk.  **Id**.

In opposition, defendants argue that such a substitution is improper under Rule 25.  Def. Mem. at iv.  However, Bey's motion makes clear that he is moving to amend to add Caruso as a defendant pursuant to Rule 15.  Therefore, the defendants' argument on this point is irrelevant, and will not be addressed.  Defendants also oppose the motion to amend to add Caruso as untimely, in bad faith, and futile.  **Id**. at v.  Defendants argue that any amendment to add Caruso would be futile because the relevant statutes of limitations have all passed.  **Id**.  They assert that the amendment does not relate back to the original pleadings because Bey was aware of Caruso's involvement, thereby precluding him from claiming that his failure to add him as a party was a "mistake" under Rule 15.  **Id**. at vi.  In support of both the argument that the amendment would be untimely and that Bey engaged in undue delay, defendants argue that Bey was aware of

4

Caruso's involvement as early as October 18, 2002, when Caruso was deposed.  **Id**.  They claim that Caruso's answers put Bey on notice of his involvement, and he could have moved to amend him at that time.  **Id**.  Finally, defendants argue that adding Caruso would be prejudicial to him because he would be "forced to defend a matter that accrued close to ten years ago."  **Id**. at vii.

The parties do not dispute that Bey's proposed amendment arises out of the same conduct as contained in the original pleading.  The Court can impute knowledge of this suit through his counsel because it is the same counsel for the government officials and entities originally sued.  **Vasquez v. Mill**, 2006 WL 2789914, at *5 (S.D.N.Y. Sept. 25, 2006) (*internal citations omitted*).

The major area of dispute involves the third element under Rule 15(c).  Bey claims that his mistake in failing to name Caruso as a defendant in the original pleadings is the type of mistake allowed for under the rule, and thus Caruso knew or should have known he would have been named but for that mistake.  Under Rule 15(c), a mistake of fact or law will allow an amendment to relate back, but a mistake, or lack, of knowledge does not.  **Barrow v. Wethersfield Police Dep't**, 66 F.3d 466, 470 (2d Cir. 1996); *see also* **Cornwell v. Robinson**, 23 F.3d 694, 705 (2d Cir. 1994). Here, unlike in **Barrow**, Bey did not identify Caruso in generic terms in his original complaint, and is now attempting to correct that lack of knowledge.  Bey's situation is also not analogous to that of the plaintiff in **Cornwell**, who attempted to add as defendants persons whose actions and identities were clearly known at the time of the original complaint.  Rather, Bey is asserting that he did not know that Caruso was responsible for "target[ing] him for summary suspension and discharge" based on his affiliation with the Moorish National group.  Pl. Mem. at 2.  While Bey characterizes his motion to add Caruso as a

substitution for Giuliani, he does not allege that he previously thought Giuliani was the individual responsible for his suspension and discharge. Therefore, this is not a situation of a plaintiff "misapprehend[ing] the identity of the person he wished to sue (a factual mistake) . . . ," **Dupree v. Pough**, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006), but rather an instance where Bey lacked knowledge. As such, the amendment does not relate back, and would be futile because the claim against Caruso is barred by the statute of limitations. **Barrow**, 66 F.3d at 470 (amendment to correct lack of knowledge, not a mistake, does not meet requirements of Rule 15(c)); *see also* **Abdell v. City of New York**, 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006) (claim that plaintiffs did not discover role of official until after filing of complaint is not a mistake under Rule 15(c)); **Hickey v. City of New York**, 2004 WL 736896, at *3 (S.D.N.Y. Apr. 5, 2004) (lack of knowledge about proposed "defendants' roles and involvement" does not meet requirements of Rule 15(c)). Therefore, Bey's motion to amend his complaint to substitute Caruso for Giuliani as a defendant should be **DENIED**.

    Bey also argues that he should be permitted to add Caruso as a defendant because Caruso concealed the fact that he was responsible for determining that [Bey was] a security threat." Pl. Mem. at 4. In **Byrd v. Abate**, plaintiff's proposed amendment was found to relate back when defense counsel concealed the identity of the proposed defendant until after the statute of limitations had run, and in spite of plaintiff's diligent attempts to obtain the information. **Byrd**, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997). It is unclear whether Bey is making an argument under the principles articulated in **Byrd**, but, if so, he has not provided sufficient information with respect to his attempts to obtain the identity of the person who determined he was a security threat and any alleged concealment by defendants. Therefore, the Court will not reach the merits

of this argument, nor will it address defendants' arguments of bad faith, delay or prejudice.

### D. Motion to Amend to Add Additional Facts and Causes of Action

In support of his motion to amend the complaint to add additional facts and causes of action relating to the information about Caruso, Bey argues that there has been no bad faith or undue delay because the delay was the result of defendants' concealment of information and the court's stay of the action. Pl. Mem. at 2-3. In addition, Bey asserts that neither Caruso nor the other defendants will be prejudiced because of the ample time for discovery ordered by Judge McKenna. **Id**. Defendants argue that this proposed amendment "violates the federal pleading rules" because it merely adds additional facts to bolster the claims asserted. Def. Mem. at viii. In making this argument, defendants rely on **Highland Capital Management v. Schneider**, 2004 WL 2029406 (S.D.N.Y. Sept. 9, 2004). However, in **Highland**, the plaintiff was attempting to include the "opinions of its proposed expert," **id**. at *4, not factual allegations supporting the claims. Should the Court's recommendation that the motion to amend to add Caruso as a defendant be accepted, this motion may be moot. However, because "leave to amend should be freely given," and there is no undue delay, bad faith or prejudice, to the extent that Bey's motion to amend to add facts and causes of action is not moot, it should be **GRANTED**.

### IV. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Lawrence M. McKenna, 500 Pearl Street, Room 1640, and to the chambers of the undersigned, Room

7

1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: June 4, 2007**
**New York, New York**

Respectfully Submitted,

*Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

**Plaintiff**
Irene Donna Thomas
Thomas & Associates
977 St. John's Place
Brooklyn, NY 11213

**Defendants**
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

8